IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 11-223-1 |
| v. | : | |
| | : | |
| ANTHONY WILLIAMS | : | CIVIL ACTION |
| | : | No. 15-1820 |

**MEMORANDUM**

PRATTER, J.                                                                                           MARCH 9, 2016

Anthony Williams, currently serving a 259-month sentence, seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel, failure of proof and defects in the indictment.

Mr. Williams was charged by indictment in 2011 with conspiracy to commit access device fraud and bank fraud, in violation of 18 U.S.C. § 371 (Count I); 13 counts of access device fraud, in violation of 18 U.S.C. § 1029(a)(2) (Counts 2-14); three counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 15-17); three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(1) (Counts 18-21); and one count of identity theft, in violation of 18 U.S.C. § 1028(a)(7) (Count 22). Doc. No. 1. Following a jury trial before this Court, on December 6, 2012 Mr. Williams was convicted of conspiracy, nine counts of access device fraud, three counts of bank fraud, and all four counts of identity theft.

This Court sentenced Mr. Williams to 235 months of imprisonment for the bank fraud counts and a consecutive sentence of 24 months on the aggravated identity theft counts.[1] In addition, the Court imposed a five-year period of supervised release as well as restitution and a special assessment. *See* Doc. No. 471. The Third Circuit Court of Appeals affirmed the

---

[1] Mr. Williams was also sentenced to lesser concurrent sentences on the access device and conspiracy counts.

1

judgment and conviction. Six months thereafter, Mr. Williams, acting *pro se*, filed this motion. Doc. No. 648. For the reasons discussed below, the Court will deny Mr. Williams's motion to vacate his sentence.

I. **JURISDICTION AND STANDARD OF REVIEW**

This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(2).

A prisoner in federal custody may move to vacate, set aside or correct his sentence on the basis that the sentence violated the Constitution or laws of the United States or the court which imposed the sentence lacked jurisdiction. 28 U.S.C. § 2255(a). "The court is to construe a prisoner's *pro se* pleading liberally, but vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Sotomayor*, No. CR 11-672-01, 2015 WL 7444385, at *1 (E.D. Pa. Nov. 23, 2015) (*citing Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) and *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.2000)).

II. **ANALYSIS**

Mr. Williams's motion states three grounds, on the basis of which he seeks to vacate his sentence. The first is alleged ineffective assistance of counsel by Mr. Williams's appointed attorneys. The second is a failure of proof as to the bank fraud claims. The third is a defect in Count I of the indictment. The Court will analyze each in turn

A. **Ineffective Assistance of Counsel**

Mr. Williams challenges the effectiveness of both Mr. Robert Kalmbach, the attorney who represented Mr. Williams prior to his trial, as well as Mr. Peter Levin, the attorney who represented him at his trial.

The standard for evaluating claims of ineffective assistance of counsel is laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show ineffective assistance, a defendant must point to errors "so serious that the counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id*. at 687. In order to avoid the distorting effects of hindsight, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Graves*, 613 F. App'x 157, 159 (3d Cir. 2015) (citing *Strickland,* 466 U.S. at 689). In addition, Mr. Williams must show that, but for the identified errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland,* 466 U.S. at 694. His motion must demonstrate a "substantial, not just conceivable, likelihood of a different result." *United States v. Parker*, 621 F. App'x 109, 111 (3d Cir. 2015) (*citing Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011)). "To make this determination, we must consider the totality of the evidence at trial: The greater the support for a verdict in the record, the less likely it is that the verdict was affected by errors of counsel." *Id.* (citing *Strickland*, 466 U.S. at 698).

### 1. Mr. Kalmbach

Turning to the substance of the motion, Mr. Williams alleges that Mr. Kalmbach was ineffective in several respects. He claims Mr. Kalmbach failed to communicate a plea deal, failed to "put any of the Government's evidence to the adversarial test," and failed to provide him with discovery. Doc. No. 648 at 6. The Court concludes that this alleged conduct does not establish that Mr. Williams's sentence should be vacated for ineffective assistance of counsel.

With regards to Mr. Williams's assertion that Mr. Kalmbach failed to communicate a plea offer, as a general matter, the guarantee of the Sixth Amendment right to counsel extends to pretrial negotiations involving a plea agreement. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012);

*see Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution."); *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015). Mr. Williams, however, has failed to articulate how counsel's representation in conjunction with plea negotiations prejudiced the outcome of the matter. Even assuming that his pre-trial counsel did, in fact, fail to communicate a plea offer, Mr. Williams must establish a reasonable probability of a different outcome in the plea negotiations had his counsel's performance not been deficient.[2] *Frye*, 132 S. Ct. at 1405. The motion fails to address this. Mr. Williams does not articulate the terms of the proposed plea offer at issue or the circumstances under which it was made.[3] Moreover, the motion does not address the fact that Mr. Kalmbach was replaced by Mr. Levin seven months prior to trial. Under the circumstances, the Court cannot find that Mr. Williams has articulated any basis for assessing the likelihood that any hypothetical plea deal would have been accepted by the parties or the Court or that such a deal would have resulted in the imposition of a lower sentence. Accordingly, there is no reason to conclude that this alleged deficiency justifies vacating Mr. Williams's sentence.

---

[2] The Court is not persuaded by this analysis or discussion suggesting that counsels' conduct was ineffective or deficient in any way.

[3] The nature of the plea offer at issue is not specified by Mr. Williams in his motion—notably he does not make clear whether he is alleging ineffective assistance based upon his counsel's failure to communicate a plea offer Mr. Williams wished *to make to* the Government, *or* his counsel's failure to inform Mr. Williams of *a plea offer the Government had extended*. The Government represents in its response to the motion that it made no plea offer to Mr. Williams prior to trial. Without any assertion to the contrary from Mr. Williams, the Court will presume that Mr. Williams is claiming that Mr. Kalmbach failed to communicate a plea offer to the Government from Mr. Williams. Mr. Williams, however, does not describe—even in rudimentary terms—any proposal he wanted communicated to the Government. He does not claim any proposal would have been accepted by the Government or for that matter, by the Court. Alternatively, if Mr. Williams is asserting that Mr. Kalmbach was deficient for failing to communicate a plea offer *from the Government*, this would not change the Court's analysis. Under *Frye*, even if the Defendant is able to show that a plea offer was made by the Government but had lapsed or was rejected due to counsel's deficient performance, he must demonstrate a reasonable probability that he would have accepted the offer had he been afforded effective assistance, that the prosecution would have adhered to the agreement and that agreement would have been accepted by the Court. 132 S. Ct. at 1410. Here, the motion fails to provide any basis to conclude counsel's hypothetical failure to communicate a plea offer prejudiced Mr. Williams.

Mr. Williams also argues that Mr. Kalmbach "failed to put any of the Government's evidence to the adversarial test." This assertion, however, fails to articulate a basis in law or fact for the Court to vacate Mr. Williams's sentence. Mr. Williams does not identify the evidence Mr. Kalmbach failed to put to the "adversarial test" or the adversarial test he was deficient in failing to deploy seven months prior to trial when he was representing Mr. Williams. Moreover, even assuming that his conduct was deficient, the motion fails to articulate how Mr. Kalmbach's conduct affected the ultimate outcome.

Finally, Mr. Williams argues that Mr. Kalmbach was ineffective because he failed to provide him with discovery. Mr. Williams does not address the fact that a protective order was entered in this case on August 23, 2011. Doc. No. 123. That order imposed certain limitations on the discovery materials defense counsel could give their clients—while defense counsel was permitted to disclose the contents of discover materials to their clients, pursuant to the order counsel was prohibited from leaving discovery materials with their clients which contained "identifying information of other persons" and "material that contains, or refers to, the testimony, statements, or expected testimony of prospective witnesses other than government agents or employees." *Id.* While Mr. Williams has simply asserted that Mr. Kalmbach failed to give him physical copies of any discovery, to the extent the discovery was covered under the protective order, Mr. Kalmbach was affirmatively ordered not to provide his client with copies of this material. Moreover, Mr. Williams has not provided any basis to conclude that Mr. Kalmbach's conduct was deficient under the circumstances or that his failure to provide physical copies of discovery to Mr. Williams had any prejudicial impact on the outcome of the trial.[4]

---

[4] The Court notes that Mr. Williams has not claimed that his counsel neglected to *show* or describe to him the pertinent discovery.

For the reasons discussed above, Mr. Williams's motion to vacate his sentence based upon Mr. Kalmbach's alleged ineffective assistance is denied. Moreover, the Court finds that each of the issues raised in his motion are too vague and speculative to merit any further inquiry. *See Dawson,* 857 F.2d 928.

### 2. Mr. Levin

After Mr. Kalmbach withdrew from the case, he was replaced by Peter Levin. Mr. Levin represented Mr. Williams through his trial. Mr. Williams alleges that Mr. Levin's representation was ineffective on a number of grounds. He claims that Mr. Levin failed to "put any of the Government's evidence to the adversary test during pre-trial and at trial," "failed to ensure that the jury [got a] copy of the indictment," "failed to object to prosecutorial misconduct," "failed to object to unconstitutional jury instructions," and "informed jury of [the defendant's] prior conviction." Doc. No. 648 at 6.

As with Mr. Kalmbach, Mr. Williams's claims regarding Mr. Levin fail because Mr. Williams has either not identified the manner in which defense counsel's conduct was deficient or has not articulated any basis for concluding that these deficiencies had any meaningful effect on the outcome of the case. Mr. Williams asserts that Mr. Levin failed to put the Government's evidence to the adversarial test, but he fails to explain that failure any further. Moreover, he ignores the fact that Mr. Levin challenged the Government in a number of pretrial motions, *see* Doc. Nos. 328, 329, 330, 331, 332, 333 and 334, as well as a Rule 29 motion at the close of the Government's evidence, *see* Doc. No. 381.

The other alleged deficiencies are similarly unpersuasive. Mr. Williams has provided no basis to conclude that Mr. Levin's failure to provide the jury with a copy of his indictment[5]

---

[5] Ultimately, of course, what is shown to the jury is up to the Court. This includes the decision to allow the jury to see the indictment.

amounts to an error or had a material adverse impact on the outcome of the trial.  He has also failed to identify what prosecutorial misconduct he claims merited an objection or the specific jury instructions he is alleging are unconstitutional.  The Court cannot find that trial counsel was ineffective in any such fashion as alleged in the motion.

Finally, Mr. Williams's argument regarding defense counsel's disclosure of his prior conviction fails to articulate how, under the circumstances, this decision was not motivated by trial strategy or how, given the abundant record evidence against him, this decision had a material impact on the outcome of the trial.

For all these reasons, Mr. Williams's claims of ineffective assistance of counsel as to Mr. Levin fail.  As with Mr. Williams's claims of ineffective assistance regarding Mr. Kalmbach, the Court finds his claims for ineffective assistance as to Mr. Levin too vague to merit further inquiry. *See Dawson,* 857 F.2d 928.

### B.  Failure of Proof

Mr. Williams next argues that the evidence presented at his trial was insufficient to convict him.  Specifically, he alleges that the Government failed to prove that the banks he was accused of defrauding were FDIC insured and claims that the FDIC certificates admitted at trial on counts 15 and 16 were different from what was alleged in the indictment.

Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings such as under a motion to vacate, set aside or correct a sentence.  *United States v. Schwartz*, 925 F. Supp. 2d 663, 692 (E.D. Pa. 2013); *see United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir.1993)); *United States v. Crawford*, No. 06-377-5,

2015 WL 5460566, at *5 (E.D. Pa. Sept. 16, 2015). As Mr. Williams included claims in his direct appeal both challenging the sufficiency of the evidence presented against him at trial, as well as the alleged variance in the evidence, and these claims were ruled on by the Court of Appeals, the Court here declines to readdress them in the context of this motion.

As to the sufficiency of the evidence, the Court of Appeals held on the direct appeal that "[w]e find overwhelming evidence of Williams' guilt on every count of the conviction, even though he does not seem to acknowledge that this evidence had been introduced at the trial in his brief." *United States v. Williams,* No. 13-2391, slip op. at *24 (3d Cir. October 24, 2014). The motion provides no reasoning why this holding was incorrect.

The Court of Appeals also addressed whether any prejudicial variance existed between the terms of the indictment and the evidence introduced at trial relative to counts 15 and 16. *See id*. at 20. As the Court explained: "[a] variance does not prejudice a defendant's substantial rights if: (1) the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be surprised at trial; or (2) the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense." *Id.* at 21. Mr. Williams states in his motion that the "certificate on [sic] indictment did not match" what was introduced at trial. He appears to be referencing the FDIC numbers listed in the indictment in relation to Wachovia (now Wells Fargo) Bank and Citizens Bank. *See* Doc. No. 1 at 19 & 23. He has provided no explanation, however, as to how a variance between in the FDIC numbers listed in his indictment and those ultimately introduced at trial prejudiced the preparation of his defense.

While the specific facts referenced in support of this § 2255 motion are different from those identified in his direct appeal, the Court of Appeals nevertheless had an opportunity to

8

consider and rule on Mr. Williams's contentions on the merits.  To the extent that Mr. Williams's motion contains factual assertions not entirely co-extensive with his direct appeal, he is nevertheless procedurally defaulted from raising them for the first time now.  *See Schwartz*, 925 F. Supp. 2d at 693; *see also Williams,* No. 13-2391, slip op. at *20 (noting that Mr. Williams's counsel made no variance objection at trial).

Finally, the second ground of Mr. Williams's motion challenging the bank fraud counts also states that the jury instructions omitted the jurisdictional element from those charges.  No objection was raised as to the jury instructions at trial, but Mr. Williams nevertheless argued on direct appeal that the jury was improperly instructed on the bank fraud counts.   The Court stated that "[w]e do not find plain error, or error at all, in the Court's jury instructions, which we would find proper regardless of our standard of review."  *Williams,* No. 13-2391, slip op. at *28.  As with his other arguments, Mr. Williams has not provided any reasoning as to why the Court should reexamine this issue and so the Court will not reconsider the jury instructions here.

Ultimately, as to each of the arguments raised in this aspect of the motion, the Court finds that these issues have been raised previously and ruled on in the direct appeal.  Consequently, the Court exercises its discretion and declines to reconsider them.

### C.  Failure to State an Offense for Conspiracy to Commit Bank Fraud.

The third ground of the motion challenges the sufficiency of Count 1 in the indictment.  Mr. Williams states that Count 1 fails to allege any agreement or overt act in furtherance of the conspiracy to commit bank fraud.

Mr. Williams previously challenged the sufficiency of Count 1 of the indictment on his direct appeal.   On this issue, the Court of Appeals found that:

> Williams next claims that the indictment was deficient because it failed to allege that overt acts of bank fraud had been committed. We point out that this claim is

>one of factual sufficiency and has not been preserved, as Williams did not raise the issue before the District Court. Moreover, even if it is considered on the merits, this claim fails. The indictment alleged that there was an agreement to obtain money from banks by false pretenses, that is, by using fraudulent credit cards, some on the basis of bank authorization, to obtain cash advances. It further alleged that the conspirators used fraudulent Barclay's Bank cards to obtain or attempt or obtain cash advances from Bank of American on two occasions and from Sovereign Bank on another occasion. It goes on to allege that a conspirator used a Discover card to obtain cash advances from Sovereign Bank and Citizens Bank. The indictment properly alleged that there had been overt acts of bank fraud; the factual allegations were sufficient to permit Williams to prepare his defense and to invoke a double jeopardy defense in the event of a subsequent prosecution for the same offenses.

*Williams*, No. 13-2391, slip op. at *17-18. As this argument was raised previously and rejected by the Court of Appeals, the Court here will not reconsider the argument for the same reasons discussed in Section III.B, *supra*.

### III. EVIDENTIARY HEARING

Section 2255 states that:

>Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C.A. § 2255 (West).

While the district court has discretion to determine whether to order a hearing on a defendant's motion to vacate his sentence under 28 U.S.C. § 2255, the Court of Appeals for the Third Circuit has imposed limitations on the exercise of that discretion. *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). The Court of Appeals articulated in *United States v. Dawson,* a two part test for determining whether an evidentiary hearing on a § 2255 motion is required. 857 F.2d 923, 927 (3d Cir. 1988) (*citing Government of the Virgin Islands v. Bradshaw*, 726 F.2d 115 (3d Cir.1984)). First, the district court must identify which claims in the motion are frivolous and which are non-frivolous. Second, taking any non-frivolous claims as true, the

Court must determine whether, on the record, those non-frivolous claims conclusively fail to show the defendant is not entitled to relief. *Id.*

For the reasons discussed above, the Court finds that no hearing is necessary as to Mr. Williams's claims of ineffective assistance of counsel. The Court finds that his claims of ineffective assistance of counsel are frivolous based on the absence of any supporting evidence or any explanation of alleged impact. His remaining claims had been raised and denied previously in his direct appeal. In sum, the motions, records, and files of the case conclusively show that Mr. Williams is not entitled to relief and that no hearing is necessary.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2255 motion, the court must also make a determination as to whether a certificate of appealability should issue. For the reasons set forth herein, the Court finds that Mr. Williams has not demonstrated a substantial denial of a constitutional right. A certificate will therefore not issue.

## V.   CONCLUSION

For the reasons discussed, the Court finds that the Mr. Williams's arguments are without merit. Consequently, the Court will deny his motion to vacate his sentence without holding an evidentiary hearing and will decline to issue a certificate of appealability.

\* \* \*

An appropriate Order reflecting the above will follow.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge