IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 11-223-1 |
| v. | : | |
| | : | |
| ANTHONY WILLIAMS | : | CIVIL ACTION |
| | : | No. 15-1820 |

**M E M O R A N D U M**

PRATTER, J.                                                                                            JANUARY 27, 2017

Anthony Williams, acting *pro se*, seeks relief under Federal Rules of Civil Procedure 59(e) and 60(b)(6) to alter or amend, or set aside the judgment denying his prior petition to vacate his sentence pursuant to 28 U.S.C. § 2255. Before the Court are three motions to that effect. Doc. Nos. 690, 705, 716. The Court previously denied Mr. Williams's petition under Section 2255. Doc. 689. Mr. Williams now raises essentially the same arguments and offers no justification for why the Court should revisit them. Moreover, the bulk of his challenges attack the merits of the Court's prior decision and, therefore, the motions serve as impermissible successive habeas petitions. The Court will deny all of Mr. Williams's motions.

I.   **BACKGROUND**

Mr. Williams was charged by indictment in 2011 with conspiracy to commit access device fraud and bank fraud, in violation of 18 U.S.C. § 371 (Count 1); thirteen counts of access device fraud, in violation of 18 U.S.C. § 1029(a)(2) (Counts 2-14); three counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 15-17); three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(1) (Counts 18-21); and one count of identity theft, in violation of 18 U.S.C. § 1028(a)(7) (Count 22). Doc. No. 1. Following a jury trial before this Court, on

December 6, 2012 Mr. Williams was convicted of conspiracy, nine counts of access device fraud, three counts of bank fraud, and all four counts of identity theft. This Court sentenced Mr. Williams to 235 months of imprisonment for the bank fraud counts and a consecutive sentence of 24 months on the aggravated identity theft counts. In addition, the Court imposed a five-year period of supervised release, as well as restitution and a special assessment. *See* Doc. No. 471. The Third Circuit Court of Appeals affirmed the judgment and conviction. *United States v. Williams*, 591 F. App'x 78, 80 (3d Cir. 2014).

Mr. Williams, acting *pro se*, timely filed a motion under 28 U.S.C. § 2255 to vacate his sentence. Mr. Williams's Section 2255 motion outlined three bases on which to vacate his sentence: (1) ineffective assistance of counsel claims as to his lawyers, Mr. Kalmbach and Mr. Levin; (2) failure of proof as to the bank fraud claims; and (3) failure to allege any agreement or overt act in Count I of the indictment. The Court denied the motion in its entirety.

## II. DISCUSSION

Mr. Williams now invokes Rules 59(e) and 60(b)(6) to alter the Court's prior decision on his Section 2255 motion. Motions under Rule 59(e) and Rule 60(b)(6) are not interchangeable. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose."). Ultimately, "the function of the motion, and not the caption, dictates which Rule is applicable." *Id.* at 287–88. Analyzed under either Rule, however, Mr. Williams's motions lack merit.

Rule 59(e)[1] permits motions to amend or alter a judgment and may be granted in order to allow for the submission of new, previously undiscovered evidence or to correct a clear error of

---

[1] Mr. Williams argues that, despite filing it after the 10-day limit, his motion should be considered under Rule 59(e) and the Court should toll the time for such a submission and for any appeal. Timely Rule 59 or Rule 60

law or prevent manifest injustice. *Irizarry v. United States*, No. CIV. 12-656, 2012 WL 5494806, at *2 (E.D. Pa. Nov. 13, 2012). The Third Circuit Court of Appeals has held that "a timely Rule 59(e) motion to amend or alter a judgment is not a second or successive [habeas] petition, whether or not it advances a claim, and therefore such a motion lies outside the reach of the jurisdictional limitations that AEDPA imposes upon multiple collateral attacks." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("[T]he differences between Rules 60(b) and 59(e) are [not] merely technical. To the contrary, . . . [] we think it is clear that, unlike a Rule 60(b) motion, a Rule 59(e) motion is part of the one full opportunity for collateral review that AEDPA ensures to each petitioner.").

While not characterized as a second or successive petition, relief through motions for reconsideration under Rule 59(e) is extremely limited. Indeed, "[s]uch motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone*, 664 F.3d at 415 (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir.2010)). A judgment may be altered only if the party seeking reconsideration shows (1) an intervening change in the law; (2) new evidence that was unavailable when the court granted the motion at issue; or (3) a "need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess*, 602 F.3d at 252. New evidence must be evidence that a party could not submit to the court earlier because it was unavailable, and evidence not newly discovered in such a manner

---

motions filed in district court "toll the period for filing a notice of appeal until the district court enters an order disposing of the motion." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). However, "only motions filed within ten days of the disputed order toll the time limit for filing a notice of appeal." *Id.* Mr. Williams filed his motion 26 days after the Court denied his Section 2255 motion. On its face, therefore, the motion exceeds the 10-day limit and did not toll the time for filing an appeal. Further the tolling provision Mr. Williams relies upon deals with tolling of appeals, which is not an issue before, or for, this Court. This Court is concerned with deciding Mr. Williams's Rule 59(e) and 60(b)(6) motions in the first instance and will not opine on the availability of any appeals.

"cannot provide the basis for a successful motion for reconsideration." *Blystone*, 664 F.3d at 415–16.

The Court entered its Order denying relief under Section 2255 on March 9, 2016 and Mr. Williams filed his motion under Rule 59(e) on April 4, 2016,[2] within the 28 day window for motions for reconsideration. *See* Fed. R. Civ. Pro. 59(e). Mr. Williams largely reiterates, though expands upon, the same factual issues he raised in his initial Section 2255 motion. However, Mr. Williams again seeks an evidentiary hearing, implying that the Court made an error of law with respect to that earlier determination. Doc. No. 690.

As the Court explained in its prior opinion, the court of appeals has imposed limitations on a district court's discretion to hold an evidentiary hearing. First, it must identify which claims in the motion are non-frivolous, and then, taking those claims as true, the Court must determine whether those claims conclusively fail to show that the defendant is not entitled to relief. *See United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988). Here, the Court found that Mr. Williams ineffective assistance of counsel claim was frivolous and that his remaining claims had been raised and denied on direct appeal. Consequently, the Court declined to hold an evidentiary hearing. Mr. Williams has not pointed to any change in law or newly discovered evidence that supports revising this determination.[3]

---

[2] The Third Circuit Court of Appeals has extended to motions for reconsideration the United States Supreme Court's holding in *Houston v. Lack*, 487 U.S. 266, 270 (1988), that *pro se* prisoners' notice of appeal are filed at the moment of delivery to prison authorities for mailing. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998).

[3] While the Court concludes that the substantive challenges to its determination may be more appropriate under Rule 60(b)(6), they would likewise fail if considered under Rule 59(e). Mr. Williams submitted affidavits regarding Mr. Kalmbach's alleged failure to communicate a plea deal and Mr. Levin's manner of selecting a jury. He also more thoroughly articulated issues he had with the manner in which Mr. Levin raised, or failed to raise, evidentiary objections. As the Court explained previously, in order to succeed on his ineffective assistance of counsel claim, Mr. Williams must show that counsel made errors "so serious that the counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668 (1984). Like his previous arguments, Mr. Williams fails to articulate how, under the circumstances at trial, Mr. Kalmbach and Mr.

Likewise, Mr. Williams's challenges to the Court's decision on the merits of his Section 2255 pursuant to Rule 60(b)(6) lack merit. Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons such as mistake, newly discovered evidence, fraud, or any other reason the court sees fit. A Rule 60(b) motion that raises habeas claims previously denied on the merits, or which raises new grounds for relief, is a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding that a Rule 60(b) motion is considered a second or successive habeas petition if it, for example, seeks to add a ground for relief, "attacks the federal court's previous resolution of a claim on the merits," or seeks to present newly discovered evidence in support of a previously denied claim); *c.f. United States v. Andrews*, 463 F. App'x 169, 171 (3d Cir. 2012) ("[A] 60(b) motion that challenges a district court's failure to reach the merits of a petition based on the statute of limitations does not constitute a second or successive habeas petition.").

The Court previously reached the merits of Mr. Williams's motion, and he is now challenging the Court's determinations. Consequently, the present motions are considered second or successive habeas petitions. Mr. Williams has not obtained a certification from the Court of Appeals to file a second or successive habeas petition. Thus, this Court does not have jurisdiction to decide them. *See United States v. Rickard*, 601 F. App'x 75, 77 (3d Cir. 2015),

---

Levin's decisions were prompted by anything other than trial strategy or how their decisions prejudiced the outcome.
    To the extent that his motions to amend raise evidence or arguments unaddressed by his initial Section 2255 motion, the Court declines to address them now. Mr. Williams has not articulated any reason why he was unable to make those arguments when filing his initial motion. Although Mr. Williams points to issues with counsel to justify any inadequacies in his initial Section 2255 motion, the Court finds that these challenges do not rise to the level of "manifest injustice" under Rule 59(e) in large part because his arguments have been reviewed multiple times already. As the Court observed in its prior ruling, many of the issues raised in Mr. Williams's Section 2255 papers were ruled on by the Court of Appeals in his direct appeal, and he has not provided any reasoning as to why the Court should presume to second guess the appellate court to reexamine these issues here. Consequently, the Court sees no reason to amend its prior ruling under Rule 59(e).

*reh'g denied* (June 10, 2015) ("[Petitioner] had not obtained prior authorization to file the [Rule 60(b)] motion and, therefore, the District Court lacked subject matter jurisdiction to entertain it.").

### III.  CONCLUSION

For the reasons discussed, the Court finds that the Mr. Williams's Rule 59(e) and 60(b) motions are without merit.  An appropriate Order reflecting the above will follow.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge