**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
| ANTHONY WILLIAMS | : | No. 11-223-1 |

## MEMORANDUM

PRATTER, J.                                                                                      JANUARY 4, 2021

Anthony Williams moves for reconsideration (Doc. No. 801) of the Court's August 17, 2020 Memorandum and Order (Doc. Nos. 799, 800), which denied his motion for compassionate release. The Government opposed. (Doc. No. 803.) Mr. Williams filed a reply in support of his motion for reconsideration. (Doc. No. 804.) He also filed a supplemental brief in support of his motion. (Doc. No. 806.) For the reasons that follow, the Court denies Mr. Williams's motion for reconsideration.

### BACKGROUND

For several years, Mr. Williams was the organizer and leader of a scheme to use stolen personal identifiers and bank account and credit card numbers to obtain additional cards on existing accounts, fraudulently purchase merchandise and obtain cash advances, and obtain additional checks on existing bank accounts. Mr. Williams was ultimately convicted of 19 counts of conspiracy to commit access device fraud and bank fraud, access device fraud, bank fraud, aggravated identity theft, and identity theft. In April 2013, the Court sentenced Mr. Williams to 259 months of imprisonment, representing 235 months on the bank fraud counts, and a consecutive sentence of 24 months on the aggravated identity theft counts. The Court also sentenced him to lesser concurrent sentences on the access device and conspiracy counts, imposed a five-year period of supervised release and a special assessment of $1,900, and ordered Mr. Williams to pay

1

$348,366.73 in restitution.  His federal sentence ran consecutively to a ten-year New Jersey state sentence which had been imposed for similar offenses committed with some of the same co-defendants.  Mr. Williams is currently 52 years old and serving his sentence at FCI Gilmer.

Mr. Williams filed a *pro se* motion for compassionate release, dated May 1, 2020 and docketed on July 2, 2020, stating that he suffers from several conditions, including hypertension and obesity.  Mr. Williams argued that these conditions, and the way in which FCI Gilmer was handling the COVID-19 pandemic, warranted his early release.  He also asserted that his mother had been diagnosed with COVID-19 and was very sick, and could not be adequately cared for by his sister.

The Government opposed Mr. Williams's motion, largely based on a failure to exhaust his administrative remedies, but Mr. Williams contradicted this in his counseled reply.  In its August 17, 2020 Memorandum, the Court found that, even assuming Mr. Williams had satisfied the administrative exhaustion requirement, he had failed to show extraordinary and compelling reasons to justify his early release.  The Court found that Mr. Williams's BMI of 31.2, which was just over the CDC threshold for obesity, did not present an extraordinary and compelling reason for compassionate release, nor did his assertion that he suffers from hypertension.  Similarly, the Court found that his mother's health status, and the fact that her primary caregiver was Mr. Williams's sister who was employed full-time, did not rise to the level of extraordinary and compelling.[1]  Thus, the Court denied his motion for compassionate release.

## LEGAL STANDARD

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the

---

[1]     In his supplemental brief, Mr. Williams argues that the Court should reduce his sentence "to modify the unfair impact of [an] imposition of consecutive sentences that were required by law." (Doc. No. 806.)

2

availability of new evidence that was not [previously] available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are granted sparingly because "[f]ederal courts have a strong interest in the finality of judgments." *Roofers Local No. 30 Combined Pension Fund v. D.A. Nolt, Inc.*, 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010), *aff'd*, 444 F. App'x 571 (3d Cir. 2011).

## DISCUSSION

In his motion, Mr. Williams urges the Court to reconsider its earlier decision, asserting that the Court "has committed a clear legal error (leading to a miscarriage of justice) by misapprehending the applicable test at this step of the § 3582(c)(1)(A) analysis." (Doc. No. 801 at 4.) The Court does not take lightly the current pandemic and the challenges posed by COVID-19. As the Court explained in its earlier memorandum, the Bureau of Prisons is taking stringent measures to combat the effects of the COVID-19 pandemic to inmates and staff members. FCI Gilmer currently houses 1,472 inmates. As of January 4, 2021, there are currently 70 COVID-positive inmates and 5 COVID-positive staff members.[2] In 2020, 147 inmates and 17 staff members at FCI Gilmer recovered from COVID-19, and there have been no reported deaths.[3]

The Court also does not make light of Mr. Williams's alleged health conditions or the circumstances of his family members. However, as detailed in the Court's August 17, 2020 Memorandum, Mr. Williams's alleged mild obesity, hypertension,[4] and his mother's caregiver

_____

However, given the extent and severity of Mr. Williams's crimes, as discussed below, the Court sees no reason to modify Mr. Williams's federal sentence which ran consecutively to his state sentence.

[2]      This data is current as of January 4, 2021, according to the BOP website, available at https://www.bop.gov/coronavirus.

[3]      *Id.*

[4]      *See United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (finding that 42-year-old defendant's mild obesity and hypertension did not establish extraordinary circumstances).

3

situation are not extraordinary and compelling circumstances that would justify a reduction in sentence.[5] Even assuming that Mr. Williams had demonstrated extraordinary and compelling circumstances, the Court still finds that early release is not warranted in light of the 18 U.S.C. § 3553(a) factors.

When considering a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court may "'reduce' a term of imprisonment if it finds that (1) 'extraordinary and compelling reasons' warrant the sentence reduction, (2) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and (3) consideration of the ordinary sentencing factors under 18 U.S.C. § 3553(a) favors reduction." *United States v. Bayne*, No. 2:15-cr-127-NR, 2020 WL 6292827, at *1 (W.D. Pa. Oct. 27, 2020). A court considers multiple factors under 18 U.S.C. § 3553(a), including but not limited to "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant."

The Court's consideration of the § 3553(a) factors necessitates a denial of Mr. Williams's motion. He has failed to show how releasing him at this point would align with the statutory sentencing factors, notably the seriousness of his offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the need to deter others from similar

---

[5]    While the Court is certainly sympathetic to Mr. Williams's mother's current situation, based on Mr. Williams's supplemental brief, it appears that his sister, despite her full-time employment, is able to provide care for their mother. (Doc. No. 806 at 3.) Mr. Williams also states that his mother has been assisting his son with e-learning during the day. (Doc. No. 806 at 3.) The Court does not find these facts to present an extraordinary and compelling circumstance. *See United States v. Moore*, No. 14-cr-209-2, 2020 WL 7024245, at *5 (E.D. Pa. Nov. 30, 2020) ("Other courts [have similarly] denied motions for compassionate release premised on sick or elderly parents in the absence of strong evidence the petitioner is the sole individual capable of caring for the parent.").

4

criminality. *See* 18 U.S.C. § 3553(a). Mr. Williams perpetrated an elaborate fraud and stole the identities of innocent victims for his own criminal benefit. Prior to beginning his federal sentence, Mr. Williams completed a state sentence for a separate fraud he had committed. Before that he had served time for convictions for other fraud and theft offenses. (Doc. No. 803 at 9.) Even if Mr. Williams did have underlying high-risk medical conditions, his crimes were serious, and an early release would not provide just punishment or seem to serve as a deterrent to others. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (noting district court reasonably concluded early release not warranted where defendant's "crimes were extraordinarily serious" and required "a significant period of incarceration").

Lastly, Mr. Williams has not yet served the bulk of his sentence. Accounting for four months of good conduct time, he has only served approximately 39 months, or just over 15%, of his 259-month sentence. While he was sentenced in April 2013, his term of federal imprisonment did not begin until October 2017, after he had completed his state sentence for a separate crime. An early release would be starkly contrary to the § 3553(a) factors. *See United States v. Torres*, No. 18-cr-414, 2020 WL 3498156, at *10 (E.D. Pa. June 29, 2020) (denying compassionate release for 36-year-old inmate with mild asthma due to seriousness of his crime and having only served 15% of 63-month sentence); *United States v. Shulick*, No. 16-cr-428, 2020 WL 3250584, at *5 (E.D. Pa. June 16, 2020) (denying compassionate release where defendant had only served 19 months of a 60-month sentence for embezzlement, fraud, and filing false tax returns).

Nothing in Mr. Williams's motion for reconsideration has convinced the Court of a need to correct a clear error of law or fact or to prevent a manifest injustice. As the Court stated in its earlier memorandum and further expounds upon here, Mr. Williams does not currently present an extraordinary or compelling reason to justify release. Furthermore, an analysis of the § 3553(a)

factors shows that Mr. Williams's early release, after having served just 15% of his sentence, would not align with the statutory sentencing factors.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Williams's motion for reconsideration of the denial of his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  An appropriate order follows.

**BY THE COURT:**

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**